stitutional rights as set forth in this Complaint; a declaration that Defendants' unlawful removing of political campaign signs restricts Plaintiffs' speech in violation of the U.S. Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a temporary restraining order to prevent any further unlawful removals of political campaign signs to enjoin enjoining the Defendants; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of court costs pursuant to 42 U.S.C. § 1988 and other applicable law.

**JURISDICTION AND VENUE**

3.    This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims of state-sponsored electoral suppression occurred in this district.

**PLAINTIFF**

6.    Plaintiff, John Anthony Castro, is a federal candidate for the United States House of Representatives in Texas' 6th Congressional District's Special Election.

**DEFENDANTS**

7.    Defendant, Steven Collins, is the Code Compliance Manager for the City of Grand Prairie.

8.    Defendant, Brad Norman, is the Sheriff of Ellis County, Texas.

**STATEMENT OF FACTS**

9.    On or about March 17, 2021, Defendant Sheriff Brad Norman, with the intent to

harass, embarrass, ridicule, and intimidate Plaintiff, publicly commented on a Facebook post threatening Plaintiff and indicating that his employees, agents, or otherwise would begin removing our signs across the county, which largely included signs in Midlothian and Waxahachie.

10.     In the days following, Sheriff Brad Norman, did, in fact, follow through with his threat and unlawfully removed political campaign signs belonging to Plaintiff.  The Defendant took such actions notwithstanding the fact that the political campaign signs were on private property and without consulting the actual landowners; instead relying on unsubstantiated false and fraudulent complaints from third-parties that disagreed with Plaintiff's political positions.

11.     Sheriff Brad Norman knowingly and willfully violated federal election law as well as Plaintiff's constitutionally protected rights to freedom of speech and procedural due process.  These actions constitute state-sponsored electoral suppression and illegal interference in a federal election.

12.     Sheriff Brad Norman's true purpose for removing Plaintiff's campaign signs was to suppress Plaintiff's speech because he vehemently disagrees with Plaintiff's campaign message and political positions.

13.     Defendant Steve Collins is the Code Compliance Manager with the Grand Prairie Police Department.

14.     On March 8, 2021, Defendant Steve Collins emailed Plaintiff regarding campaign signs improperly placed between the side walk and a public street.  Plaintiff agreed that the independent contractors engaged to place the signs on private property had mistakenly placed the signs on public property.  The signs were lawfully removed.

15.     However, the City of Grand Prairie then proceeded to begin removing all political campaign signs of Plaintiff throughout the city including political campaign signs placed well beyond the right-of-way zone on private property.